DA 08-0261

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 238N

IN RE THE MARRIAGE OF

KIM A. SEELEY,

   Petitioner and Appellant,

 and

GREGORY CARL SEELEY,

   Respondent and Appellee.

APPEAL FROM: District Court of the Twenty-First Judicial District,
       In and For the County of Ravalli, Cause No. DR 2004-065
       Honorable James A. Haynes, Presiding Judge

COUNSEL OF RECORD:

   For Appellant:

   Howard C. Greenwood, Attorney at Law, Hamilton, Montana

   For Appellee:

   Dennis E. Lind, Del M. Post, Datsopolous, MacDonald & Lind,
   Missoula, Montana

          Submitted on Briefs: May 28, 2009

              Decided: July 21, 2009

Filed:

    _____
         Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 On July 26, 2007, the District Court filed its Findings of Fact, Conclusions of Law, and Decree of Dissolution of Marriage in this case wherein the court dissolved the parties' common law marriage after almost fourteen years. Kim and Greg had declared themselves married on August 1, 1994. Two children were born of the marriage. At the time of the dissolution decree, the children were seven and twelve years old.

¶3 Kim and Greg separated in April 2004. Kim and the children continued to live in the family home in Florence, Montana, after the separation. Greg was employed at Smurfit-Stone Container in Florence as a maintenance millwright earning $60,000 a year. Kim was employed part-time as a caregiver for an elderly neighbor earning $12 an hour. In addition, Kim received $1,000 a month from three rental units on some property she acquired prior to the marriage.

¶4 Kim filed a Petition for Dissolution of Marriage on April 28, 2004. Several weeks later, Kim also filed a motion for temporary child support and for temporary maintenance. On July 30, 2004, the District Court entered a Temporary Order requiring Greg to pay Kim as temporary child support the sum determined pursuant to the Montana

2

Child Support Guidelines retroactive to the date the petition for dissolution was filed. In addition, the court ordered Greg to pay $2,400 to their son's orthodontist and $600 each month to Kim as temporary maintenance retroactive to June 1, 2004.

¶5 On December 3, 2004, the District Court filed its Order Amending Temporary Order wherein the court amended its previous order to provide that Kim was to pay her attorney $100 per month out of the $600 Greg was to pay her each month for temporary maintenance. The court further ordered that the parties exchange relevant information to fully perform the child support calculations and that "[c]lassification of amounts paid in excess of $600/month is reserved for final hearing in this matter."

¶6 A bench trial was held in this case on May 21 and 22, 2007. Thereafter, on July 26, 2007, the District Court issued its Findings of Fact, Conclusions of Law, and Decree of Dissolution of Marriage dissolving the marriage; setting forth a parenting plan for the parties' two minor children; setting up child support payments; and dividing the parties' property and debts. Greg filed a Notice of Entry of Judgment on August 10, 2007.

¶7 Kim's trial counsel was allowed to withdraw as counsel of record on September 11, 2007. Thereafter, Kim, acting pro se, filed numerous motions with the District Court asking the court to enforce its decree on several matters. The District Court held a hearing on January 10, 2008, primarily to resolve matters surrounding the delivery of personal property. On April 30, 2008, the District Court issued its Memorandum and Order to Clarify Children's Residence Within Florence School District. Kim subsequently obtained appellate counsel and she now appeals from this Order.

3

¶8     Kim raised six issues on appeal which we have restated for clarity as follows:

¶9     1. Whether the District Court abused its discretion by limiting the residence of the parties' minor children to the boundaries of the Florence School District.

¶10    2. Whether the District Court erred by failing to award Kim interest on the August 1, 2007 child support payment that Kim alleges was not paid until January 16, 2008.

¶11    3. Whether the District Court erred by failing to award Kim interest on an orthodontics bill for one of the parties' children that Kim alleges was not paid within the time specified by the court's December 3, 2004 order.

¶12    4. Whether the District Court erred by failing to award Kim interest on a bill for the rental of a drum set for one of the parties' children that Kim alleges was not paid within the time specified by the court's July 26, 2007 decree of dissolution.

¶13    5. Whether the District Court erred in revising the July 30, 2004 Temporary Order without an evidentiary hearing.

¶14    6. Whether the term "temporary maintenance" is synonymous with the term "temporary family support" when used in a temporary order.

¶15    Having reviewed the record, the District Court's decision and the parties' arguments on appeal, we have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions.

¶16    In her first issue, Kim argues that by limiting the residence of the parties' minor children to the boundaries of the Florence School District, the court improperly limited

4

her residence as well. M. R. App. P. 12(1)f. requires that parties cite to relevant authorities and statutes in support of their arguments on appeal. Kim failed to cite to any statutes or case law in support of her arguments on this issue. We have repeatedly held that it is not this Court's obligation to conduct legal research on behalf of a party or to develop legal analysis that might support a party's position. *State v. Cybulski*, 2009 MT 70, ¶ 13, 349 Mont. 429, 204 P.3d 7 (citing *State v. Torgerson*, 2008 MT 303, ¶ 36, 345 Mont. 532, 192 P.3d 695). Consequently, because of Kim's inadequate briefing, we decline to consider her argument on this issue.

¶17 As to the second issue regarding interest on the August 2007 child support payment, this payment was not six months late as Kim contends. After the District Court entered the decree of dissolution on July 26, 2007, establishing the amount of child support Greg was to pay, Greg made a child support payment each month (albeit at the end of the month in which they were due) beginning with the August 2007 payment. At the January 10, 2008 hearing, the District Court informed Greg that all child support payments should be made prior to the first day of the month in which they are due. Consequently, Greg made two payments in January 2008, one for the January payment itself and one for the February 2008 payment. In addition, he set up an automatic electronic funds transfer so that the child support payments would be deposited in Kim's bank account at the beginning of each month. Thus, while each payment between the time of the July 26, 2007 decree and the January 10, 2008 hearing were late by several days, no one payment was six months late as Kim maintains. In addition, Kim did not

request in any of her many filings in the District Court after the July 26, 2007 decree, that the District Court should award her interest.

¶18    Therefore, we hold that the District Court did not err by failing to award Kim interest on the August 1, 2007 child support payment.

¶19    In her issue regarding the orthodontics bill, Kim first claims that the District Court erred in failing to award her interest when the bill was not paid within the time ordered by the court. Later she argues that Greg failed to reimburse her for the $500 down payment she made on the orthodontics bill. Greg believes that he already paid the amount the District Court ordered him to pay on the orthodontics bill, but he concedes that if an amount remains due, he will make whatever payment is owed. The record on appeal is insufficient for this Court to determine whether the orthodontics bill was paid as ordered by the District Court. Consequently, we remand this issue to the District Court with orders for that court to review the orthodontics bill and determine whether payment has been made as the District Court ordered and, if not, to order payment forthwith.

¶20    As to the fourth issue regarding the drum-set rental, Kim argues that Greg failed to reimburse her for the $120 she paid toward this bill. She also claims that Greg should be ordered to pay her interest at the judgment rate from July 26, 2007, the date of entry of the decree of dissolution, through August 2008, when Greg assumed responsibility for the account. Greg, for his part, concedes that he should reimburse Kim the $120 she paid toward this bill, but he does not believe he should be required to pay her interest because Kim did not provide him with a copy of the bill until January 9, 2008.

¶21   Because Greg concedes that he owes Kim the $120 for the drum-set rental, we order that Greg pay Kim that amount forthwith. However, we hold that Greg need not pay Kim interest on the $120 because Kim did not provide Greg with a copy of the bill in a timely manner.

¶22   Finally, as to Kim's fifth and sixth issues, we hold that they are time-barred. In both issues, Kim contends that the District Court erred by unilaterally revising the July 30, 2004 Temporary Order when it issued its December 3, 2004 Order Amending Temporary Order. She claims that the amended order eliminated completely, without the benefit of an evidentiary hearing, Greg's obligation to pay her temporary child support retroactive to the date the petition for dissolution was filed. While Kim asserts that her claims are timely because she is appealing the District Court's April 30, 2008 memorandum and order, only her issues regarding the children's residence, the drum set rental, the one past-due child support payment, and some matters regarding the parties' division of property were resolved by that order. Moreover, in her opening brief on appeal and in her reply brief, Kim asks this Court to set aside both the District Court's December 3, 2004 order and its July 26, 2007 decree.

¶23   M. R. App. P. 4(5)a.i., provides that in civil cases "the notice of appeal shall be filed with the clerk of the supreme court within 30 days from the date of entry of the judgment or order from which the appeal is taken." M. R. App. P. 4(2)c. further provides that except where this Court grants an out-of-time appeal, "the timely filing of a notice of appeal or cross-appeal is required in order to invoke the appellate jurisdiction of [this Court]." Here, the District Court's Findings of Fact, Conclusions of Law and Decree of

Dissolution of Marriage was filed July 26, 2007. Greg filed a Notice of Entry of Judgment on August 10, 2007. Kim, however, did not file her Notice of Appeal until May 29, 2008, more than nine months after the Notice of Entry of Judgment was filed. Thus, Kim's requests to set aside the decree, and any orders issued prior to the decree, are untimely.

¶24 In addition, in its April 30, 2008 memorandum and order, the District Court pointed out that in several of her post-trial motions Kim was seeking reconsideration of the July 26, 2007 decree, but that the time for seeking alteration or amendment of the decree had expired. And, even if this Court were to construe Kim's numerous post-trial motions as motions to alter or amend judgment under M. R. Civ. P. 59(g),[1] none of these filings addressed the issue of whether Greg failed to pay child support during the time the parties were separated.

¶25 Consequently, it is manifest on the face of the briefs and the record before us that this appeal is without merit because the findings of fact are supported by substantial evidence, the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted, and the record supports the District Court's conclusions.

¶26 Affirmed in part and remanded in part for further proceedings consistent with this Opinion.

---

[1] Under M. R. App. P. 4(5)a.iv., if a timely motion pursuant to M. R. Civ. P. 59 to alter or amend judgment has been filed in the district court by any party, "the time for appeal for all parties shall run from the entry of the order granting or denying any such motion or, if applicable, from the time such motion is deemed denied at the expiration of the 60-day period established by M. R. Civ. P. 59(d)."

/S/ JAMES C. NELSON

We Concur:

/S/ JOHN WARNER
/S/ BRIAN MORRIS
/S/ JIM RICE
/S/ W. WILLIAM LEAPHART